Francis J. Fitzpatrick and Catharine A., his Wife, Appellants, v. The Burgess and Town Council of the Borough of Darby.

*Negligence—Boroughs—Dangerous sidewalk.*

In an action against a borough to recover damages for personal injuries, it appeared that plaintiff was injured by her foot sinking into soft clay in a sidewalk at a point where a ditch had been dug by a plumber. The ditch was about thirty inches wide and three feet deep. It had been filled up immediately after it was made, and the earth had been rammed into the trench when it was filled. For two months it had been trodden on every day by pedestrians, and did not give any signs of being defective. On the morning of the accident there had been a heavy rain storm which had probably softened the clay, but nothing of this was visible on the surface, and no indication of any danger whatever was given. *Held*, that there was no evidence of negligence attributable to the borough.

Argued Feb. 10, 1898. Appeal, No. 484, Jan. T., 1897, by plaintiffs, from judgment of C. P. Delaware Co., Dec. T., 1896, No. 105, on verdict for defendant. Before GREEN, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Trespass for personal injuries.

At the trial it appeared that on October 13, 1895, Catharine A. Fitzpatrick was injured while walking on a defective sidewalk in the borough of Darby. At the point where the accident occurred a trench had been dug and filled up, and Mrs. Fitzpatrick was injured by her foot sinking into the soft clay in the trench.

Other facts appear by the opinion of the Supreme Court.

The court gave binding instructions for the defendant.

Verdict and judgment for defendant. Plaintiffs appealed.

*Error assigned* was in giving binding instructions for defendant.

*Edward H. Hall*, with him *George E. Darlington*, for appellants.—It is the duty of a municipality to keep and maintain its sidewalks and pavements in such order and repair as to be safely used, and it is the duty of the proper officials of the borough to see that this duty to the public is performed, so that

persons may travel the streets without damage to life or limb, and for negligence in the performance of such duty they are answerable: Smith v. Mauch Chunk, 3 Pa. Superior Ct. 507; Lohr v. Philipsburg, 156 Pa. 249; Burns v. Bradford City, 137 Pa. 367; Gschwend v. Millvale Borough, 159 Pa. 258; Allen v. DuBois Borough, 181 Pa. 187; Crumlich v. Harrisburg, 162 Pa. 624.

*Jesse M. Baker,* for appellee, was not heard, but cited in his printed brief: Borough of West Chester v. Apple, 35 Pa. 284; Hanson v. Warren Borough, 22 W. N. C. 133; Mattimore v. Erie City, 144 Pa. 14; Hunter v. Wanamaker, 17 W. N. C. 232; McGrew v. Stone, 53 Pa. 436; Morrison v. Davis, 20 Pa. 175; Lohr v. Philipsburg, 165 Pa. 111; Philadelphia v. Smith, 23 W. N. C. 242; Duncan v. City of Phila., 173 Pa. 550; Vanderslice v. Phila., 103 Pa. 102; Eisenbrey v. Phila., 24 W. N. C. 231.

PER CURIAM, February 28, 1898:

The evidence on this record fails entirely to disclose any negligence on the part of the borough, or any notice to the borough authorities of any danger in the condition of the sidewalk at the place of the accident. The ditch was dug by a plumber, to lay a water pipe to the adjoining property. It was about thirty inches wide and three feet deep. It was filled up immediately when it was made, and the earth was rammed into the trench when it was filled. It was on a public street, and was in constant use for nearly two months before the accident. It was trodden upon every day by all pedestrians passing over it, and did not give the least sign of being defective in any manner. The softening of the clay was probably occasioned at some point below the surface by a heavy rain storm in the morning just before the accident. Nothing of this was visible on the surface, and no indication of any danger whatever was given. In these circumstances, showing a latent cause, and irrespective of our decision in borough of West Chester v. Apple, 35 Pa. 284, and kindred cases, there was no evidence of negligence attributable to the borough, and the learned court below committed no error in directing a verdict for the defendant.

Judgment affirmed.