## Byrne, Appellant, v. Philadelphia.

*Negligence—Municipality—Defective pavement—Notice—Contributory negligence—Nonsuit.*

In an action against a city to recover damages for personal injuries caused by a fall, it appeared that plaintiff's fall was caused by striking his foot against the edge of an asphalt pavement which at the line of the house steps was on the same level with the brick pavement which it adjoined, but was two or three inches above it at the curb. The accident happened before sunset on a clear day in June when the plaintiff could have seen the inequality in the pavement if he looked. He testified that he did not look at the pavement at all. He was familiar with the locality; he had walked on this pavement almost daily for fourteen months and had not observed any defect in it. *Held,* that the plaintiff was negligent in not looking where he was going, and that if the defect was of such a nature as to have escaped his observation in his continual use of the pavement, it was not such as would warrant the imputation of notice to the city.

Argued March 22, 1905. Appeal, No. 42, Jan. T., 1905, by plaintiff, from order of C. P. No. 2, Phila. Co., June T., 1901, No. 1394, refusing to take off nonsuit in case of George Byrne by his next friend and father Peter Byrne and Peter Byrne in his own right v. City of Philadelphia. Before FELL, BROWN, MESTREZAT, POTTER and ELKIN, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before WILTBANK, J.

The facts appear by the opinion of the Supreme Court.

*Error assigned* was refusal to take off nonsuit.

*Albert E. Peterson,* with him *David Phillips,* for appellant.

*J. W. Catharine,* assistant city solicitor, with him *John L. Kinsey,* city solicitor, for appellee.

PER CURIAM, April 24, 1905:

The plaintiff's fall was caused by striking his foot against the edge of an asphalt pavement which at the line of the house steps was on the same level with the brick pavement which it adjoined, but was two or three inches above it at the curb.

The accident happened before sunset on a clear day in June, when the plaintiff could have seen the inequality in the pavement if he had looked. He testified that he did not look at the pavement at all. He was familiar with the locality; he had walked on this pavement almost daily for fourteen months and had not observed any defect in it. He was negligent in not looking where he was going, and if the defect was of such a nature as to have escaped his observation in his continual use of the pavement, it was not such as would warrant the imputation of notice to the city.

The judgment is affirmed.