# Murdaugh, Appellant, *v.* Oxford Borough.

*Negligence—Boroughs—Defect in sidewalk—Notice—Nonsuit.*

In an action against a borough to recover damages for personal injuries caused by a defect in the cover of a gutter, a nonsuit is properly entered where it appears that the defect in the cover was not structural nor apparent to persons using the pavement; that no one had seen the defect when the cover was in ordinary use; that the borough had no actual notice of it, and there was nothing in the case from which notice to the borough could be imputed.

Borough authorities are not required to seek for defects in sidewalks, but only to be vigilant to observe them by the exercise of reasonable supervision.

Argued Feb. 7, 1906.   Appeal, No. 11, Jan. T., 1906, by plaintiff, from order of C. P. Chester Co., April T., 1905, No. 62, refusing to take off nonsuit in case of Letitia W. Murdaugh v. Oxford Borough.   Before MITCHELL, C. J., FELL, BROWN, ELKIN and STEWART, JJ.   Affirmed.

Trespass to recover damages for personal injuries.   Before HEMPHILL, P. J.

The facts relating to the accident are stated in the opinion of the Supreme Court.

*Error assigned* was refusal to take off nonsuit.

*Thomas W. Pierce,* for appellant, cited: Rapho Twp. v. Moore, 68 Pa. 404; Fritsch v. Allegheny, 91 Pa. 226; Otto Twp. v. Wolf, 106 Pa. 608; Rosevere v. Osceola Mills Boro., 169 Pa. 555; Fee v. Columbus Boro., 168 Pa. 382; Lohr v. Philipsburg Boro., 156 Pa. 246; McClosky v. Dubois Boro., 4 Pa. Superior Ct. 181.

*Alfred P. Reid*, with him *S. D. Ramsey*, for appellee, cited: Byrne v. Philadelphia, 211 Pa. 598 ; Burns v. Bradford City, 137 Pa. 361.

OPINION BY MR. JUSTICE FELL, March 12, 1906 :

The negligence alleged is that the defendant permitted the cover of a gutter which crossed the sidewalk of a street to remain out of repair. A nonsuit was entered on the ground that the defect in the cover was latent and of recent origin, that the borough authorities had no actual notice of it, and that constructive notice of it could not under the circumstances be imputed to them.

The gutter was one foot wide and six inches deep, and was at the side of an alley that intersected the street. It was covered with an oak board four or five feet long and one foot wide, so placed as to be flush with the pavement on one side and with the flagstones of the alley on the other side. The board was supported by two iron bars the ends of which were bent at right angles at the sides of the board and rested on the bottom of the gutter. These bars were securely bolted to the board, one near either end, and the bent ends served as legs to support the board. The cover was in construction a low bench placed in the gutter to make the surface of the footway even. It was of a kind in common use on the street and had not been displaced during the five or six years it had been in use until about three weeks before the plaintiff's injury, when someone driving on the alley allowed the wheel of his wagon to strike one end of it, cracking the board lengthways, loosening some of the bolts, and breaking one leg off at the side of the board. After this the cover would move if struck by a wagon wheel, and one end would tilt up if a pedestrian stepped on the other end. The crack in the board was very slight and had not been observed by anyone while walking on the pavement, and the bolts, although loosened, held the board to the iron bars. Neither the crack nor the loosening of the bolts caused the accident. It was caused by the leg which supported one corner of the board being broken. This defect was not apparent in the ordinary use of the cover. The learned trial judge in stating his reason for the entering of a nonsuit said, in speaking of the cover : " No one has been called to show that it was dangerous

or any accident ever occurred there, or any tilting, or anything to give warning of notice at all." The plaintiff had walked over it almost daily, and three times before on the day of the accident. At the time of the accident her brother was walking at her side and he stepped on one end of the cover and the other end was tilted and tripped her.

Two or three persons who had seen the cover displaced when struck by a wagon wheel had observed that the leg was broken, but no one who had seen it in place had noticed any defect and none was observable in its ordinary use. There was no ground for the imputation of notice to the borough. The defect in the cover was not structural nor apparent to persons using the pavement. For such a defect the borough was not answerable in damages. Borough authorities are not required to seek for defects in sidewalks, but only to be vigilant to observe them by the exercise of reasonable supervision : Lohr v. Philipsburg Borough, 156 Pa. 246.

The judgment is affirmed.