## Cobb v. Bradford Township, Appellant.

*Negligence—Townships—Evidence—Roads, streets and highways— Duty to maintain guard rails—Condition two years after accident.*

1. The law does not impose on township supervisors the duty of maintaining a guard rail at every point where a gully starts at the roadside, or where some natural depression, or small declivity on adjacent land, may happen to be. It is only when these gullies, or declivities, become dangerous on account of their proximity to the highway that the duty of maintaining guard rails arises.

2. In an action to recover damages for personal injuries where the

negligence alleged is that the defendant township failed to erect and maintain a guard rail at an alleged dangerous place in a highway it is necessary that evidence should be introduced to show the exact condition on the ground in order that it may be determined whether the situation was so dangerous as to make it the duty of the township to maintain a guard rail as a protection to the traveling public.

3. In such a case evidence tending to show the condition at the point alleged to be dangerous some two years after the accident is inadmissible as too remote.

*Practice, C. P.—Trial—Points for charge.*

4. When points are submitted asking for definite instructions they should be framed so as to make the law applicable to the particular facts of the case being tried.

Argued, May 2, 1911. Appeal, No. 320, Jan. T., 1910, by defendant, from judgment of C. P. McKean Co., Oct. Term, 1909, No. 121, on verdict for plaintiff in case of Annie M. Cobb v. Bradford Township. Before FELL, C. J., BROWN, ELKIN, STEWART and MOSCHZISKER, JJ. Reversed.

Trespass to recover damages for death of plaintiff's husband. Before BOUTON, J.

In the charge the trial court stated the facts as follows:

It appears that on the first day of August, 1908, A. T. Cobb went from his home in Corydon township to the city of Bradford; that he returned or started from the city of Bradford to return to his home on the evening of that day,—there may be a little discrepancy in the opinion of the witnesses as to the exact time he left the city of Bradford; most of the witnesses, however, testifying that before he reached the place where the accident occurred that it was somewhere near eight o'clock in the evening. From the evidence of the little boy, it appears that it was dark, and quite a dark night. He came to the place or near the place where the accident occurred according to the testimony. The tire came off the wagon, the little boy went back after the tire and while looking for the tire, the horses commenced to back, having been frightened by a dog running across the road in front of him, barking

in front of the horses; the dog barked, the horses began to back and backed off the road and over a sidewalk and down, at least they were found down in this gully, the wagon overturned, Mr. Cobb underneath and he expired in a few minutes after the neighbors had arrived.

Verdict for plaintiff and judgment thereon for $4,800. Defendant appealed.

*Errors assigned* were (1–5) various rulings of the court.

*John G. Johnson*, with him *D. H. Jack* and *W. E. Burdick*, for appellant.—Evidence of what happened at or near the place of this accident almost two years subsequent thereto, was improperly admitted: Veit v. Brewing Co., 216 Pa. 29.

It was error to instruct the jury that there was no evidence of contributory negligence: Forks Twp. v. King, 84 Pa. 230; Pittsburg Southern Ry. Co. v. Taylor, 104 Pa. 306; Hill v. Tionesta Twp., 146 Pa. 11; Chartiers Twp. v. Phillips, 122 Pa. 601; Boyle v. Boro. of Mahonoy City, 187 Pa. 1.

The alleged negligence of the township was not the proximate cause of the accident: Trout v. Turnpike Road, 216 Pa. 119; Jackson Twp. v. Wagner, 127 Pa. 184; Herr v. Lebanon, 149 Pa. 222; Schaeffer v. Jackson Twp., 150 Pa. 145; Kieffer v. Hummelstown Boro., 151 Pa. 304; Willis v. Armstrong County, 183 Pa. 184; Chartiers Twp. v. Phillips, 122 Pa. 601; Heister v. Fawn Twp., 189 Pa. 253; Nichols v. Pittsfield Twp., 209 Pa. 240.

*D. U. Arird*, with him *V. B. Bouton*, for appellee.

Opinion by Mr. Justice Elkin, May 23, 1911:

The negligence charged in this case is that appellant township failed to erect and maintain a guard rail at an alleged dangerous place in the highway. If appellant is liable at all, it is because it was its duty to maintain a guard rail over the gully at the south end of the tile culvert

and was negligent because of its failure to perform that duty. In cases of this character the first step at the trial should be the introduction of evidence to show the exact conditions on the ground in order that it may be determined whether the situation is so dangerous as to make it the duty of the township to maintain a guard rail as a protection to the traveling public. The law does not impose on supervisors the duty of maintaining a guard rail at every point where a gully starts at the roadside, or where some natural depression, or small declivity on adjacent land, may happen to be. It is only when these gullies, or declivities, become dangerous on account of their proximity to the highway that the duty of maintaining guard rails arises. It is true that whether the situation is so dangerous as to require the performance of the duty is generally a question for the jury. But a jury cannot draw a correct conclusion without an intelligent understanding not only of what the law requires but what the facts are. In the present case there was a new macadam road built by the state in conjunction with the local authorities. The traveled roadway thus constructed is sixteen feet wide, at either side of which there is a grass covered berme two feet wide, thus making the highway at the point where the accident occurred twenty feet wide. It was in good condition and free from obstructions. It was a modern highway and much better than the average country road. To the south of the macadam roadway was a sloping bank covered with grass and other vegetation and extending southward to a sidewalk for a distance of about twelve feet. In other words, there was an intervening space of about twelve feet between the traveled highway and the pavement. The evidence does not satisfactorily show whether this intervening space was a part of the highway or what its condition was at and before the happening of the accident. In our judgment this is important as directly bearing upon the duty of the township. Again, it was stated at the argument, and seems to be a conceded fact, that the sidewalk which

figured very largely in the trial of the case, was not constructed or maintained by the township, but by individuals. The record is silent as to the rights and liabilities of the individuals who maintained the sidewalk, and as to the duties, if any, of the township in relation to it, or the condition of the ground upon which it is located. The natural inference is that the township had nothing to do with that portion of the ground upon which the sidewalk was located because no public supervision was exercised over it, and the private individuals did as they pleased about it. The proofs, photographs and map do not make it plain to us just how this sidewalk bridged over the gully at the end of the tile sewer. The indications are that the sidewalk was elevated several feet above the ground as it crossed over the gully, and if so, the supervisors might very properly conclude that this was a sufficient barrier to guard against dangers at the point where the gully passed through. In other words, if the sidewalk itself protected the alleged dangerous place, there was no duty resting on the supervisors to provide additional safeguards, and so far as we are able to discover from this record no duty rested upon the township in connection with the safeguarding of the sidewalk.

Again, even if a duty did rest upon the township to guard the gully, this does not mean that the guard rail had to be extended to the telephone pole where there was no danger of the character about which complaint is made. As we understand the facts a considerable part of the distance between the gully and the telephone pole was a smooth, natural surface. If the team backed upon the sidewalk near the telephone pole where there was no danger, and then continued to back along the sidewalk or over it to a place of danger at the south side of the pavement, such a contingency could not have been provided against by the township maintaining a guard rail between the traveled roadway and the pavement. Under these circumstances the accident would have happened just the same, because the team would have backed over the

pavement and south of the guard rail. In that event failure to maintain a guard rail at the side of the highway would not have been the proximate cause of the injuries complained of. Enough has been said to indicate the importance of more fully developing all the facts relating to the construction and maintenance of the sidewalk. Was it a part of the highway? Had the township any duty to perform in connection with its maintenance? Was the sidewalk itself, independently of who maintained it, a barrier or protection to persons traveling on the roadway at the point where the gully crossed? If so, the township had the right to rely upon that protection and was under no duty to provide additional safeguards.

The first assignment is based on the admission of evidence tending to show the condition at the point alleged to be dangerous some two years after the accident. This was too remote for evidential purposes and did not throw any light on the exact question before the jury. Standing alone it might not be deemed sufficient cause for reversal, but when the case is again tried this testimony should be excluded. While the instruction complained of in the third assignment may be a correct statement of the law when the facts warrant its application, it did not take into account the many contingencies upon which the right to recover depends in the present case. For this reason it may have misled the jury. When points are submitted asking for definite instructions, they should be framed so as to make the law applicable to the particular facts of the case being tried. The mere fact that the roadway was of sufficient width for the usual and ordinary travel, would not relieve the township from maintaining guard rails at dangerous places, but it has something to do in determining whether under all the circumstances it was necessary to provide additional safeguards in the present case.

As to the question of contributory negligence, the general rule is that it is for the jury, when there is any evidence of this character to be considered. As the case

stands we do not see the evidence of contributory negligence, but when it is again tried evidence of this character may be offered if it is desired to rely upon it as a defense. When the case is again tried along the lines indicated in this opinion, all the questions raised by this appeal can be presented and considered upon the facts as they are then developed.

Judgment reversed and a venire facias de novo awarded.