# JACKSON v. DISTRICT OF COLUMBIA.

OPENING IN SIDEWALK; DUTY OF DISTRICT OF COLUMBIA; EVIDENCE; IN-
SPECTION; USE OF STANDARD DEVICE.

1. The District, after issuing a permit to an abutting owner to install
a cover over an opening in the sidewalk, is bound to exercise reason-
able care to see that a device suitable to become part of a sidewalk
safe for public use is properly placed, and to inspect it from time
to time to see that it is maintained in good condition, but the issu-
ance of the permit does not constitute the District an insurer of
the public nor require it instantly to take notice of defects. (Cit-
ing *District of Columbia* v. *Blackman*, 32 App. D. C. 32.)

2. It is not error, in an action against the District for injuries result-
ing from the slipping out of place of a manhole cover in a side-
walk, installed under a permit from the District, to refuse to allow
a police officer whose duty it was to inspect the cover, to say on
cross-examination whether he had looked at it with a view to de-
termining whether it was defective in a particular stated to him,
since he was not bound to look for some particular defect of which
he had no notice, but only to use reasonable care to discover any
defect.

3. Testimony to the effect that the type of manhole and cover installed
in a sidewalk under a permit from the District was a standard
device, long in common use, and found reasonably safe and satis-
factory, is admissible in an action against the District for injuries
to a pedestrian stepping upon the cover, as evidence of the exercise
of reasonable care in permitting its use.

No. 3159.    Submitted December 6, 1918.    Decided March 3, 1919.

HEARING on an appeal by the plaintiff from a judgment of
the Supreme Court of the District of Columbia, in an action
of negligence.    *Affirmed.*

The facts are stated in the opinion.

NOTE.—On liability of municipal corporation for injury from opening
maintained sidewalk by abutting owner for occupant, see notes in 61 L.R.A.
593; 7 L.R.A.(N.S.) 424; 19 L.R.A.(N.S.) 507; 20 L.R.A.(N.S.) 513;
and 43 L.R.A.(N.S.) 1116.

*Mr. Joseph T. Sherier* and *Mr. J. W. Cox* for the appellant.

*Mr. Conrad H. Syme,* Corporation Counsel, and *Mr. P. H. Marshall,* Assistant, for the appellee.

Mr. Chief Justice McCoy, of the Supreme Court of the District of Columbia, who sat with the court in the hearing and determination of this appeal, delivered the opinion of the Court:

The plaintiff, Emma Jackson, seeks to recover for an injury alleged to be due to the negligence of the District of Columbia.

In 1881, acting under a permit from the District, the owner of property on I street installed in the sidewalk in front of his premises a circular cover over an opening into a vault under the sidewalk. In January, 1912, the appellant, who was walking along the sidewalk, stepped upon the cover, which slipped out of place. Her injury resulted.

The assignment of error most strongly urged relates to the charge to the jury as to the duty of the District at the time the device in question was installed. That duty was to exercise reasonable care in the selection of a type of device suitable to become part of a sidewalk safe for public use, and to use reasonable care to see that a device of that type was properly placed. The court told the jury that there was a duty resting upon the District with regard to the construction of the manhole cover and a duty to the maintenance of it, and then went on to say that if the jury should find that the device as it was installed was dangerous and defective and this condition was discoverable in the exercise of ordinary care and diligence when inspecting the sidewalk at the time of the installation, the District had constructive notice of any fact discoverable at that time and which continued to exist. Obviously, this was a proper charge, for the duty imposed upon the District is to inspect and inspect carefully. To rule otherwise would be to disregard the holding of this court in *District of Columbia* v. *Blackman,* 32 App. D. C. 32–39, where it was said: "Having

issued a permit, the District must exercise reasonable care to see that its conditions are obeyed. But that does not constitute the District an insurer of the public, nor require it instantly to take notice of a failure on the part of a licensee to fulfil his obligations under the license."

· The charge was in no way modified by the statement to the jury that there was no evidence in the case of actual notice of a defect, of which statement the appellant complains, the fact being that there was no such evidence. It does not further the discussion of the law of the case under those circumstances to say that the District had notice because it was bound to take notice of whatever was discoverable in the exercise of reasonable care.

The criticism by the appellant of the charge of the court with reference to defects discoverable by inspection of the sidewalk from the surface, and of the requests of the defendant to charge, which were granted by the court, overlooks the fact that those statements and those requests had to do solely with the duty of the District to inspect its sidewalks from time to time,—that is to say, the duty of maintenance in good condition,—and did not in any way modify the charge in regard to the duty of the District at the time of the installation of the device. The court said to the jury that if the place was in fact dangerous, and yet, in the exercise of reasonable supervision by the agents of the District walking along the street observing it for defects, they would not have observed the dangerous condition, their verdict must be for the defendant, "unless you further find that this was as a matter of fact a defective appliance at the very time of its installation."

What has been said disposes of the exception to the action of the court in refusing to grant the plaintiff's fifth request to charge. The reasons for refusing that request are not stated in the bill of exceptions; but if the request meant what the court charged the jury, the appellant was not entitled to it, nor was she entitled to it if it meant something different. *District of Columbia* v. *Blackman, supra.*

It was not error to refuse to permit a police officer whose duty it was to inspect, to say on cross-examination whether he had looked at the device with a view to determining whether it was defective in a particular stated to him. Under the circumstances of this case an inspector is not bound to look for some particular defect of which he has no notice, but should use reasonable care to discover any defect. *Lincoln* v. *Pirner,* 59 Neb. 634, 81 N. W. 846, 7 Am. Neg. Rep. 279; *Murdaugh* v. *Oxford,* 214 Pa. 384, 63 Atl. 696.

Exception is taken to the admission of testimony to the effect that the type of manhole and cover was a standard device, had long been in common use in the District of Columbia, and had proved reasonably safe and satisfactory. Courts differ about the admissibility of such testimony. In *Lafflin* v. *Buffalo & S. W. R. Co.* 106 N. Y. 136, 60 Am. Rep. 433, 12 N. E. 599, 5 Am. Neg. Cas. 268, the court lays down the rule which we prefer to follow, in holding that there was no error in admitting the testimony as evidence of the exercise of reasonable care. The court said in that case that as a general rule when an appliance or structure not obviously dangerous has been in daily use for years, and has uniformly proved adequate and safe, its use may be continued without the imputation of culpable imprudence or carelessness. This court has held, too, that the municipality is not an insurer. *District of Columbia* v. *Blackman, supra.* We do not hold that, in the absence of other proof, such evidence is conclusive, as the point is not involved in this case. No error is pointed out by the other assignments. The judgment is affirmed. *Affirmed.*