## Loss *v.* Avalon Borough, Appellant.

*Municipalities — Negligence — Defective drain — Evidence — Competency—Waters—Opinion of witness—Conditions of property —Remoteness of time.*

1. In an action against a borough for damages to property abutting on a street alleged to have been caused by water from a defective drain, the case is for the jury where the evidence tends to show that plaintiff's lot sloped away from the street at a somewhat steep grade, that the back part of the lot had slid away by the action of water seeping through the soil, and that this water had been discharged from a drain in the street because of its defective condition.

2. In such case it is not error for the court to refuse to admit evidence to show a tendency of the soil on other property in the vicinity to slide, where there is no offer to prove conditions of such property similar to those of plaintiff.

3. In such case, a witness cannot give an opinion as to the cause of the slide where it appears that he was without knowledge of the conditions, except as derived from an examination of the property more than fifteen months after the injury to the premises.

Argued October 19, 1922. Appeal, No. 138, Oct. T., 1922, by defendant, from judgment of C. P. Allegheny Co., Oct., T., 1919, No. 989, on verdict for plaintiff, in case of Bertha Loss v. Avalon Borough. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Trespass for injuries to plaintiff's real estate. Before DREW, J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $3,600. Defendant appealed.

*Error assigned,* inter alia, was refusal of defendant's motion for judgment n. o. v., quoting record.

*Harry J. Thomas,* for appellant.—Plaintiff did not prove that the earth slide was caused by water seeping from the drain: Reese v. Clark, 146 Pa. 465.

When the evidence fails to connect the accident with the negligence proved plaintiff is denied a recovery: Brunner v. Blaisdell, 170 Pa. 25; Laven v. Moore, 211 Pa. 245; Allen v. Coal Co., 212 Pa. 54; Lanning v. Ry. Co., 229 Pa. 575; Zeigler v. Simplex Foundation Co., 228 Pa. 64; Runkle v. Pittsburgh, 238 Pa. 349; Bruggeman v. York, 254 Pa. 430; Kemmler v. Penna. Co., 265 Pa. 212; Monongahela City v. Fischer, 111 Pa. 9; Schlemmer v. Ry., 222 Pa. 470.

*W. W. Stoner,* with him *Maurice Chaitkin,* for appellee, cited: Minnequa Springs Imp. Co. v. Coon, 10 W. N. C. 502; Beck v. Auto T. Assn., 59 Pa. Superior Ct. 145; Baylor v. Stevens, 16 Pa. Superior Ct. 365.

OPINION BY MR. JUSTICE FRAZER, January 3, 1923:

Plaintiff owns property fronting on Norwood Avenue, in the Borough of Avalon, Allegheny County, on which there is erected a two and one-half story frame dwelling. Both street and lot are located on a hillside, the lot sloping away from the street on a grade, making a difference of 39 feet between the front and rear lines. Norwood Avenue is unimproved and along the side adjoining plaintiff's property the borough constructed an open tile drain, or gutter, to carry off water accumulating on the street. In January or February, 1919, the earth of plaintiff's lot slipped toward the rear end damaging the back wall of her house and carrying away a considerable quantity of soil, together with trees, a chicken house and other personal property located at the rear of the premises. Plaintiff instituted this action for damages against the borough, claiming the sliding resulted from the mu-

nicipality's negligence in permitting the drain in front of her property to remain in such defective condition as to permit water to discharge through cracks and holes into the ground, with the result that the clay and shale rock, of which the land was composed, became slippery, ending in the slide and causing the damage claimed in this action. The court below submitted the case to the jury, a verdict and judgment for plaintiff followed, from which defendant appealed.

The first question for consideration is whether sufficient evidence was adduced to warrant the finding that defendant's negligence caused the injury complained of. It seems to be conceded the damage resulted from water seeping into and through the soil of plaintiff's property. Further, there is evidence to sustain the contention that defective material was used in constructing the gutter and also improper workmanship. The sections of terra cotta pipe were not cemented together at the joints and at places large cracks and holes existed permitting water to flow from the drain into the surrounding soil. Plaintiff showed, in addition, that openings were made in the ground on her property for the purpose of testing the drain and, on water being turned into the gutter from a fire plug and permitted to flow past plaintiff's premises, the leakage from the drain filled the test holes. This evidence was sufficient to warrant the conclusion that the water came from the drain and indicated its defective condition.

The borough denied improper construction and claimed the water causing the damage came from either springs in adjacent property or a defective rain spout and sewer pipe on plaintiff's premises and supported this contention by considerable evidence. This testimony, however, merely raised a question of fact for the jury and no complaint is made of the manner in which it was submitted by the court.

The fifth assignment complains of the refusal of the trial judge to admit evidence of the character of the

land in the neighborhood, as compared with plaintiff's property, offered for the purpose of showing a tendency of the soil in that vicinity to slide and also to show the cause of such action. The evidence was properly excluded because not accompanied by an offer to prove conditions of the property were similar to those of plaintiff: Stremme v. Dyer, 223 Pa. 7. The cause of the damage, as claimed by plaintiff, was water escaping from the defective drain into the soil. If other lands were similarly situated and surface conditions substantially the same, it would have been proper to show that a slide occurred on those properties from other causes without the existence of a defective drain, the inference being that the slipping on plaintiff's land was due to other conditions and not the improperly constructed drain: Vautier v. Refining Co., 231 Pa. 8. To warrant such inference the burden was on defendant to first establish the facts upon which the competency of such evidence must depend; this it failed to do.

The same reasoning applies to the sixth assignment of error.

The seventh assignment is to the refusal of the trial judge to permit defendant to show the disposition made of roof water on adjoining premises. This offer had no bearing on the question at issue and was properly rejected.

The eighth assignment is to the refusal of the court to permit defendant's witness to testify what, in his opinion, caused the earth to slide. In view of the fact that the witness was without knowledge of conditions, except as derived from examination made more than fifteen months after injury to the premises, the evidence was properly excluded as being too remote: Cobb v. Bradford Twp., 232 Pa. 198.

The judgment of the court below is affirmed.