Good et al., Appellants, *v.* Philadelphia et al.

Argued April 20, 1939. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*Mareline McElwee,* with her *Maurice E. Cohen,* for appellants.

*Aaron W. White,* with him *John J. K. Caskie,* Assistant City Solicitors, and *Joseph Sharfsin,* City Solicitor, for appellee.

OPINION BY MR. JUSTICE BARNES, May 8, 1939:

This suit was brought by the parents of a minor against the City of Philadelphia to recover for personal injuries sustained by him. On the evening of July 26, 1936, the minor plaintiff, thirteen years of age, and several companions were playing a game known as "touch foot ball" in the cartway of Hunter Street between 57th and 59th Streets, in the City of Philadelphia. About three weeks prior thereto a ditch had been opened in front of premises No. 5725 Hunter Street, by a plumber

for the purpose of repairing a defective water service pipe into the property. When the repairs were completed the ditch was filled in with the excavated material and covered with slabs of asphalt taken from the street, so that its surface was level with the surrounding cartway.

In playing their game the boys, including the minor plaintiff, ran back and forth across the repaved ditch without mishap. It is conceded that pedestrians had crossed the refilled ditch without sustaining injuries, and as plaintiffs say, "as far as could be observed by the casual passerby there was no imminent danger to be expected from crossing at this point, although it could be observed that this portion of the street was not surfaced in the same manner as the rest of the cartway."

When the football game was finished, the minor plaintiff crossed the cartway toward his home at No. 5729 Hunter Street. He passed over the refilled ditch and, as he stepped upon one of the asphalt slabs, it settled about two or three inches, causing him to fall and sustain a fracture of the left forearm. At the conclusion of the plaintiffs' proofs, the defendant's motion for a nonsuit was granted. This appeal is from the refusal of the court below to remove the nonsuit.

The record here is devoid of any evidence showing want of care on the part of the municipality. If there was a dangerous condition in the highway, the defect was latent in character. The plaintiffs' witnesses testified that the refilled ditch appeared to be even with the rest of the street, with no condition present indicating the existence of a hazard. If the defect was of such character that it escaped the observation of the plaintiffs who lived in the immediate vicinity, it could not have been one that would put the city on notice of its existence and subject it to a duty to remedy the condition.

The excavation and the refilling of plumbers' ditches before they are permanently repaved are daily occurrences of city life. The municipality's full duty to the public in connection with the temporary repaving of such trenches is not breached so long as the condition is made reasonably safe for travel. Here the evidence is conclusive that such duty was performed.

A municipality must maintain its streets in a reasonably safe condition for travel: *Burns v. Pittsburgh*, 320 Pa. 92; *Foster v. West View Boro.*, 328 Pa. 368; but it is not an insurer against all defects in the highway: *Otto Township v. Wolf*, 106 Pa. 608; *Burns v. Bradford City*, 137 Pa. 361. Except for faulty construction work on its part, the liability of a municipality for injuries suffered as a result of defects in the highway arises only when it has notice, actual or constructive, of the existence of a dangerous condition: *Murdaugh v. Oxford Boro.*, 214 Pa. 384.

Before a municipality may be charged with constructive notice of the existence of a defect, it must appear that the dangerous condition is apparent upon reasonable inspection. In *Emery v. Pittsburgh*, 275 Pa. 551, it is said (p. 553): "A municipality can be charged with constructive notice of a defect in a sidewalk only when it is of such a character as to be generally observable by pedestrians, that is, such as could and naturally would be seen by people using the walk: *Rosevere v. Osceola Mills Boro.*, 169 Pa. 555, 563; *Burns v. Bradford City*, 137 Pa. 361; *New Castle v. Kurtz*, 210 Pa. 183, 188; *Lohr v. Philipsburg Boro.*, 156 Pa. 246." See also *Byrne v. Phila.*, 211 Pa. 598; and see *Fitzpatrick v. Darby Borough*, 184 Pa. 645,—a case almost analogous upon its facts to the present case.

Judgment affirmed.