## Niggel, Appellant, *v.* Sears, Roebuck and Company.

Argued June 14, 1971. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*John A. DeMay,* for appellant.

*Arnold V. Plum,* with him *Edward R. Lawrence, Jr.,* and *Lawrence, Plum & Lawrence,* for appellee.

OPINION BY HOFFMAN, J., September 21, 1971:

This is an appeal from the Order of the lower court granting a Judgment N.O.V. for defendant-appellee.

In 1968 appellant, a truck driver, was making deliveries to a Sears, Roebuck and Co. store. After the delivery the store manager asked him to take back a number of boxes which were to be returned. The boxes were bound by steel wire around each end of the box, and the wires were joined together by a connection

twisted by a machine in the store. As the driver lifted a box, two ends of the wire pulled apart at the connection, one end whipping across his face and lacerating his right eye.

After trial before a judge and jury, the jury returned a verdict for appellant in the amount of $12,000. Appellee's motion for Judgment N.O.V. was granted on the ground that appellant failed to show any negligence which was the proximate cause of the accident.

Appellant's case on negligence and causation rested solely on the testimony of his expert witness, a professor of civil engineering at Carnegie-Mellon University. On the issue of whether the unravelling of the wire was the proximate cause of the accident, this witness initially testified that "the connection could have failed." When questioned further he repeated that it "could have failed under these conditions", and went on to say "[y]ou can't say exactly that is the cause of it. That could have been the cause of the failure. It's quite probable that was the cause of the failure." After an objection by appellee's attorney and being cautioned against the use of the word "could", the witness answered "I keep using the word 'could have failed' because that's the word. Under all the information that I have, the box could have failed due to and under these conditions. . . . I don't know what other word. Under the statistics of the situation, under the parameters that we looked at, it is a good probability that the wire system failed under these loads." Finally, after another objection, the witness said, "[y]es, I believe that was the cause of the accident in the context of which we set this thing forth."

In *McCrosson v. Philadelphia Rapid Transit Co.*, 283 Pa. 492, 495-496, 129 A. 568, 569 (1925), our Supreme Court set forth a legal test concerning the sufficiency for causation testimony by expert witnesses

which "required the expert to testify . . . that, in his 'professional opinion, the result in question [did] come from the cause alleged. . . .'" Numerous cases since *McCrosson* have established that the expert witness must assert that the result in question actually came from the cause alleged. It is not enough to say that the alleged cause "possibly", or "could have" led to the result, that it "could very properly account" for the result, or even that it was "very highly probable" that it caused the result. *Murray v. Siegal,* 413 Pa. 23, 195 A. 2d 790 (1963); *Smail v. Flock,* 407 Pa. 148, 180 A. 2d 59 (1962); *Florig v. Sears, Roebuck & Co.,* 388 Pa. 419, 130 A. 2d 445 (1957); *Moyer v. Ford Motor Co.,* 205 Pa. Superior Ct. 384, 209 A. 2d 43 (1965).

A review of the record in the instant case establishes that the expert witness' testimony on causation did not rise to the level required. Initially he equivocated between "could have" and "probably". Even after being cautioned to choose another word, he returned too "could have". From the extended colloquy it is clear that he did not choose "could" for want of a better word, but because it was exactly the word he meant to use. Even when the witness finally acquiesced to use the language proffered by appellant's attorney, that the unravelling wire caused the accident, he qualified this assertion to "in the context of which we set this thing forth". At no point was there a definite statement that "the result in question did come from the cause alleged" as required by *McCrosson.*

Since the expert witness' testimony was the only evidence on causation, and it did not meet the required standards of proof, the lower court was correct in granting a judgment n.o.v. for appellee.

Order affirmed.