# Sebring *v.* Weaver, Appellant.

*Jury—Incompetency of juror—Membership in the same fraternal order.*

1. A juror is not incompetent merely because he and one of the parties are members of the same religious denomination or fraternal order, where no interest pecuniary or otherwise of the denomination or order is involved in the action; much less is it ground for withdrawing a juror and continuing the case that in the examination of a witness for plaintiff the fact was incidentally developed that the plaintiff's decedent was at a certain place at a certain time upon a Masonic meeting.

*Master and servant—Compensation for services—Quantum meruit—Evidence.*

2. Under a statement of claim alleging an oral agreement whereby plaintiff's decedent was employed to do certain work for defendant, it not being alleged that the compensation was expressly agreed upon, but it being alleged that the services were reasonably worth a certain

sum per day, it is competent to prove by a witness qualified to testify upon the subject what the services were worth.

3. In such an action it is competent to put in evidence the field notes shown to have been made by the decedent in the surveying in question, as tending to show in connection with the oral testimony the extent and nature of the work done by him.

*Trial—Evidence—Cross-examination of witness—Discretion.*

4. The extent to which the cross-examination of a witness as to collateral matters may go for the purpose of testing his recollection and credibility, is largely within the discretion of the trial judge.

*Appeals—Assignments of error—More than one point in assignment.*

5. An assignment of error is improper which refers to several exceptions taken during the course of the examination of a witness, and raises more than one distinct question.

Argued March 2, 1910. Appeal, No. 14, Feb. T., 1910, by defendant, from judgment of C. P. Lycoming Co., Sept. T., 1908, No. 338, on verdict for plaintiff in case of Robert A. Sebring, Executor of the last Will and Testament of Francis T. Wilson, v. J. Hile Weaver. Before Rice, P. J., Henderson, Orlady, Head, Beaver and Porter, JJ. Affirmed.

Assumpsit for services.

The facts are stated in the opinion of the Supreme Court.

Verdict and judgment for plaintiff for $380.24. Defendant appealed.

*Errors assigned* were various rulings on evidence, instructions and refusal to withdraw a juror.

*John E. Cupp*, with him *Clarence E. Sprout*, for appellant.

*W. C. Gilmore*, for appellee.

Per Curiam, May 12, 1910:

A juror is not incompetent merely because he and one of the parties are members of the same religious denomination

or fraternal order, where no interest pecuniary or otherwise of the denomination or order is involved in the action: Purple v. Horton, 13 Wendell, 9.    Much less was it ground for withdrawing a juror and continuing the case that in the examination of a witness for plaintiff the fact was incidentally developed that the decedent was at a certain place at a certain time in attendance upon a Masonic meeting. As the counsel for the appellee well says, the question raised by the second assignment is not one that goes to the relevancy, admissibility or competency of testimony, but to the abuse of the discretion of the trial judge. There was plainly no abuse of discretion, therefore, the assignment is overruled.

Rule XIV provides that each error relied on must be assigned particularly and by itself, and that if any assignment embraces more than one point or refers to more than one bill of exceptions or raises more than one distinct question, it shall be considered a waiver of all the errors so alleged. The third assignment refers to several exceptions taken during the course of the examination of the witness Eldred, and these exceptions raise more than one distinct question. But treating the assignment as fairly bringing up for review the question raised by the first exception, namely, the admissibility of the testimony covered by the offer, we find no error of which the defendant can justly complain. Under a statement of claim as amended alleging an oral contract whereby the decedent was employed to do certain surveying for the defendant, it not being alleged that the compensation was expressly agreed upon, but it being alleged that the services were reasonably worth a certain sum per day, it was competent to prove by a witness qualified to testify upon the subject what the services were worth.

In such an action it was competent to put in evidence the field notes shown to have been made by the decedent in the surveying in question, as tending to show, in connection with the oral testimony, the extent and nature of the work done by him. Indeed, they may be regarded as part of the work he was employed to do.

The extent to which the cross-examination of a witness as to collateral matters may go for the purpose of testing his

recollection and credibility, is largely within the discretion of the trial judge: Commonwealth v. Racco, 225 Pa. 113. We cannot agree with the appellant's counsel that that discretion was so abused in the present case that substantial injury resulted to the defendant.

We do not deem it necessary to elaborate further. We think the case was well tried and properly submitted to the jury.

Judgment affirmed.