## Vautier *v.* Atlantic Refining Company, Appellant.

*Nuisance—Oil refining—Negligence—Evidence—Damages.*

1. In an action to recover damages for injuries to growing crops of vegetables alleged to have been caused by noxious products from an oil refinery, the plaintiff is not bound to prove negligence on the part of the defendant company in the operation of its works. The action in such a case is for damages occasioned by the maintenance of a nuisance.

2. Where land is used for manufacturing purposes the maxim sic utere tuo ut alienum non lædes applies.

3. In an action against an oil refining company to recover damages for injuries to crops alleged to have been caused by noxious fumes, the measure of damages is the value of the crops alleged to have been destroyed.

4. In such a case where a witness for the defendant had put the plaintiffs in the position of chronic complainers, it is competent to ask him upon cross-examination whether he had not received complaints from other persons than the plaintiffs.

5. In an action for damages for nuisance it is not permissible to permit a witness to testify against objection that the defendant company had annual argreements with people other than the plaintiffs, in the vicinity, to compensate them for damages done by the smoke from its works.

6. It is error in such a case to reject testimony offered by the defendant to show that the vegetation at the same place showed substantially the same kind of injury in subsequent seasons when the works of the defendant were not in operation.

Argued Jan. 13, 1911. Appeal, No. 339, Jan. T., 1910,

by defendant, from judgment of C. P. No. 2, Phila. Co., Dec. T., 1906, No. 983, on verdict for plaintiffs in case of Charles Vautier et al., late trading as Vautier Brothers, v. Atlantic Refining Company. Before Fell, C. J., Brown, Mestrezat, Potter, Elkin and Moschzisker, JJ. Reversed.

Trespass to recover damages for injuries to a crop of vegetables. Before Barratt, J.

At the trial a witness for defendant was asked this question:

"Q. Were the Vautiers the only people you ever received complaints from in the spring and fall about the smoke from that stack?"

Objected to by counsel for defendant. Objection overruled; exception to defendant. [6]

"Q. Were the Vautiers the only people you got complaints from in the spring at all? A. No. Q. As a matter of fact, Mr. Houpt, did'nt your company have agreements, annual agreements, with certain people there in the Neck for reimbursement for damages done them by your smoke? A. Yes."

Mr. Brown: I object to that and ask that the answer be stricken out.

The Court: "Q. Do you mean as to vegetables? A. Why, there were certain people."

Mr. Brown: I object to this, your honor.

The Court: I want to have sufficient evidence upon which to base a ruling on your objection, Mr. Brown.

Mr. Brown: Then I don't object, your honor.

The Court: I will overrule the objection and give you the exception, Mr. Brown. [7]

"Now, Mr. Houpt, were or were not the appliances used by the Atlantic Refining Company the most effective and approved known appliances for the purposes for which they were intended?

Objected to by counsel for plaintiff. Objection sustained; exception to defendant. [8]

Mr. Brown: I offer to prove by this witness that yesterday he collected salad,. or spinach, from a farm right in this neighborhood, that was lousy, just as the witnesses have testified to, and it shows the same appearance as the plaintiffs contend resulted from the fumes of this stack.

Mr. Stevenson: I object to it. This was done yesterday.

Mr. Brown: I want to show that the very condition of the spinach to-day is the same and that it has the same appearance that Mr. Vautier's had, and this stack has been out of work now for two or three years.

Mr. Stevenson: I still object to it.

Objection sustained; exception to defendant. [9]

The court charged in part as follows:

[Both the plaintiffs and the defendant were engaged in legitimate enterprises, the one as farmers and other as refiners of oil, and each had the absolute right to the enjoyment of their property, though neither was permitted under the law to so use their property as to destroy the products of the other.] [10]

Defendant presented these points:

2. If you find that defendant used the most effective and approved known appliances to control the emission of soot from the chimney of the sweetening plant, then no lack of care could be imputed to it, and if nevertheless some soot did escape and settle on plaintiffs' crops, the injury, if any, would be damnum absque injuria and your verdict should be for the defendant. *Answer:* Refused. [3]

3. If you find that the plaintiffs suffered a loss on a certain character of truck raised by them in 1903 or other periods before the time for which damages are herein claimed, that the methods used by defendant which caused the loss were still being continued and with a knowledge of probable loss, they still endeavored to raise that kind of truck under those conditions, the true measure of damage is not the value of their crops destroyed, but the loss they

would have sustained, if any, by being compelled to raise other and less productive crops. *Answer:* Refused. [4]

Verdict and judgment for plaintiffs for $2,761.86. Defendant appealed.

*Errors assigned* were (3, 4–10) above instructions, quoting them; (6–9) rulings on evidence, quoting the bill of exceptions.

*Francis Shunk Brown,* with him *Alex. Simpson, Jr.,* for appellant.—There was no evidence of negligence: Stewart v. DeNoon, 220 Pa. 154.

It was error to admit evidence of annual agreements between appellant and other truckers for compensation for injuries which they alleged were caused by appellant's works; and also in admitting evidence of former complaints made by appellees and compromises between appellant and appellees: Featherman's Administration v. Miller, 45 Pa. 96; Cummings v. Gann, 52 Pa. 484; B. & O. R. R. Co. v. Colvin, 118 Pa. 230; Aiken v. Penna. R. R. Co., 130 Pa. 380; Veit v. Brewing Co., 216 Pa. 29.

An attempt to settle a disputed claim has always been held irrelevant to prove that claim: Slocum v. Perkins, 3 S. & R. 295; Folwell v. Beaver, 13 S. & R. 311; Green v. Bauer, 15 Pa. Superior Ct. 372; Fisher v. Fidelity Mut. Life Assn., 188 Pa. 1.

The learned trial judge erroneously excluded evidence as to the use of the most approved appliances in appellant's plant: Harvey v. Coal Co., 201 Pa. 63.

The true measure of damages in this case is the difference between what appellee might reasonably have made by growing the vegetables susceptible to injury, and what he might have made by growing other crops: Foehr v. R. R. Co., 40 Pa. Superior Ct. 7.

The trial judge erred in excluding testimony as to present injuries to vegetation in this vicinity of the same nature which the appellees claimed affected their crops, though it is admitted that there are now no harmful

emanations from appellant's works: Byers v. B. & O. R. R. Co., 222 Pa. 547.

*Henry M. Stevenson*, with him *Maxwell Stevenson*, for appellees.—It is not necessary to prove negligence, even though alleged, where a nuisance is proven: Stokes v. R. R. Co., 214 Pa. 415; Campbell v. Bessemer Coke Co., 23 Pa. Superior Ct. 374; Rogers v. Traction Co., 182 Pa. 473; Hauck v. Pipe Line Co., 153 Pa. 366; Farver v. Car & Foundry Co., 24 Pa. Superior Ct. 579; Green v. Sun Co., 32 Pa. Superior Ct. 521.

The plaintiffs had the right to prove directly by others the fact that others were damaged by soot and smoke: Green v. Sun Co., 32 Pa. Superior Ct. 521; Penna. Lead Co.'s App., 96 Pa. 116.

The proof of an offer of compromise cannot be made, but the conversation may be testified to whenever it will show or prove some substantive fact or an acknowledgment of liability: Rabinowitz v. Silverman, 223 Pa. 139; Bascom v. Stove & Mfg. Co., 182 Pa. 427; Arthur v. James, 28 Pa. 236.

OPINION BY MR. JUSTICE POTTER, March 20, 1911:

This action was brought by plaintiffs to recover damages for injuries to their growing crops of vegetables, alleged to have been caused by noxious products, smoke and soot, emitted from the oil refinery of the defendant company. Upon the trial, evidence was offered on the part of the defendant, tending to show that the loss of the crops was not due to injuries caused by products from the smokestack of the refinery, but was owing to lack of proper care, and to the ravages of insects, and to smoke from locomotives passing upon a railroad track near by. The issue of fact thus raised, as to the cause of the injuries, was determined by the jury in favor of plaintiffs. From the judgment entered upon the verdict, defendant has appealed.

The first and second assignments of error are to the

refusal of the court below to enter judgment in favor of the defendant, non obstante veredicto, and to the refusal of defendant's first point, asking for binding instructions in its favor. In support of these assignments, it is urged that there can be no recovery because there was no evidence of negligence on the part of the defendant company in the operation of its works. But in Robb v. Carnegie Bros. & Co., 145 Pa. 324, which is a leading case on the subject, we held that evidence of negligence is not necessary in order to establish a claim for damages in a suit of this kind. The defendants in that case had erected coke ovens on land adjoining plaintiff's farm. Plaintiff alleged "that the smoke and gas from these ovens passed over his farm injuring thereby his crops, his soil and the comfort of his home." In denying plaintiff's right to recover, defendant contended that the injuries resulted "from the pursuit of a lawful calling, in a lawful manner, without either negligence or malice, on the part of the owner or his employees." But this court held that where land is used for manufacturing purposes, the maxim sic utere tuo ut alienum non lædas should apply. Counsel for appellant here cite Stewart v. De Noon, 220 Pa. 154, as sustaining their position; but in that case, the injury was not the result of the ordinary conduct of the business. The damages were caused by a fire originating in an explosion on defendant's premises. So in Zahniser v. Torpedo Co., 190 Pa. 350, which is also cited, the action was by the owners of an oil property to recover damages from a contractor, for the injuries caused by a premature explosion. The only question considered was whether the doctrine of res ipsa loquitur would apply. Appellant also relies upon Harvey v. Coal Co., 201 Pa. 63, where the action was for injuries caused by the alleged negligent escape of coal dust from a breaker; but that is one of the exceptional cases referred to in Robb v. Carnegie Bros. & Co., 145 Pa. 324, where negligence must be shown. The distinction is pointed out by HENDERSON, J., in Campbell v. Coke Co., 23 Pa. Superior Ct. 374 (380). The case of

Stokes v. Penna. R. R. Co., 214 Pa. 415, is a later authority sustaining the right to recover here without showing negligence. It was there expressly held that an averment of negligence contained in plaintiff's statement, as in the present case, did not impose on him the duty of showing negligence by his evidence at the trial. Mr. Justice STEWART said (p. 419): "True, the statement filed in this case averred that the acts complained of had been done negligently, but this did not make negligence a material question; the action being for damages occasioned by maintenance of a nuisance, the question of negligence was not involved."

The third and eighth assignments relate to the exclusion of evidence that the defendant used the most effective and approved appliances. But the excluded evidence would be material only as to the question of negligence; and, as we have just pointed out, that is not important here.

The fourth and fifth assignments are to the refusal of points relating to the measure of damages. Appellant contended that loss of profits in being compelled to raise less productive crops, or decrease in rental value, should have been the measure. But no evidence was offered upon which to base any such a measure of damages. The trial judge allowed recovery for the value of the crops alleged to have been destroyed, and this was in accordance with the rule in Robb v. Carnegie Bros. & Co., 145 Pa. 324.

We see no merit in the sixth assignment of error, in which complaint is made that a witness was allowed to testify upon cross-examination, against objection, that he received complaints about the smokestack, from other persons than plaintiffs. In his direct examination the witness had put plaintiffs in the position of chronic complainers, and it was competent to show on cross-examination that they were not the only objectors.

In the seventh assignment it is alleged that the trial judge erred in permitting a witness to testify against objection that the defendant had annual agreements with

certain people in the vicinity to reimburse them for damages done by the smoke from its works. This testimony was improper, we think. Such payments if made would naturally be in the nature of compromises, and as such could not properly be shown. Payment of claims of other people would not justify an inference of liability to these plaintiffs. This assignment is sustained.

In the ninth assignment it is alleged that the trial judge erred in refusing to admit testimony that the vegetation at the same place showed substantially the same kind of injury in subsequent seasons, when the works of defendant in question were not in operation. The offer of defendant was to prove that the witness on the previous day had collected salad or spinach, from a farm right in the neighborhood of plaintiffs' place, and that it presented the same appearance as that which the plaintiffs contended was the result of the fumes from the stack, although the stack had been out of operation for two or three years. This offer bore directly upon the main question at issue, which was, whether the injury to the vegetables was due to the products cast forth by defendant's smokestack, or was due to some other cause. If it could be shown that vegetables in the same place presented the same appearance of injury in succeeding years, when defendant's works were not in operation, it was certainly material to the inquiry; and it was error to exclude evidence of that nature. Authority is hardly needed to substantiate this ruling, but the general principle is thus set forth in 17 Cyc. L. & Pr. 288, where it is said: "Persistent recurrence of a given result when one antecedent alone remains constant is highly probative that this antecedent is the cause of the result. In order to meet such evidence, or generally, it is entirely relevant to prove instances where the alleged cause was present and the result failed to follow; or where the same result followed when the alleged cause was not present; provided the other conditions are shown to be sufficiently similar to render the evidence relevant."

Testimony tending to show that the vegetation showed

the same sort of blight or injury as that of which complaint was here made, at a subsequent time, when it could not have been caused by the products of defendant's stack, would fairly justify an inference that the injury for which recovery was here sought, was not caused by the operation of defendant's works.

By reason of the errors set forth in the seventh and ninth assignments, the judgment is reversed, with a venire facias de novo.