## Haughney v. Gannon et al., Appellants.

*Practice, C. P.—Trial—Charge—Evidence—Writings.*

1. Where plaintiff submits more evidence than defendant, the trial judge cannot be convicted of error if his reference to it is more extended than that to defendant's evidence, if he refers to the contentions of both sides, and adequately covers the case.

2. Except as to matters basic and fundamental, a trial judge will not be reversed for failure to call the jury's attention to some circumstances to which counsel neglected to call his attention.

3. It is not error to admit documents which are corroborative of plaintiff's testimony and give the jury a better understanding of the facts.

*Evidence—Witness—Experts — Hypothetical question — Discretion—Cross-examination.*

4. Large latitude should be given in putting hypothetical questions in the cross-examination of an expert witness.

5. The extent and manner of such cross-examination is to some degree a matter of discretion, and, if such discretion is not abused, there is no ground for reversal.

*Appeals—Record—Failure to print evidence—Letters.*

6. The exclusion of letters offered at the trial, will not be considered on appeal, where such letters are not printed in the record.

*Appeals—Statement of questions involved.*

7. A trial court's refusal to permit defendant to file an amended affidavit of defense, will not be considered on appeal, where there is no suggestion thereof in the statement of questions involved.

*Appeals—Granting new trial—Discretion.*

8. The granting of a new trial is a matter for the discretion of the court below, and with such action the appellate court will not interfere except to correct a manifest abuse of discretion.

Argued April 24, 1922. Appeal, No. 205, Jan. T., 1922, by defendants, from judgment of C. P. Erie Co., May T., 1920, No. 364, on verdict for plaintiff, in case of John R. Haughney v. James E. Gannon and John J. Carey, trading as Gannon & Carey. Before MOSCH-ZISKER, C. J., WALLING, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Assumpsit for professional services. Before ROS-SITER, P. J.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff for $5,000 and interest, and judgment thereon. Defendants appealed.

*Errors assigned* were various rulings and instructions, appearing sufficiently by the opinion of the Supreme Court, quoting the record.

*Henry Baur,* of *Marsh, Eaton & Baur,* for appellants, cited: Young v. Merkel, 163 Pa. 513; Gillman v. Ry., 224 Pa. 267; Albert v. Ry. Co., 252 Pa. 527.

*John B. Brooks,* with him *Charles H. English,* for appellee.

OPINION BY MR. JUSTICE WALLING, May 25, 1922:

In June, 1916, the defendants, Gannon & Carey, entered into a contract with the School District of the City of Erie for plumbing, heating and ventilating the Academy high school, then in process of construction, for approximately $126,000. The work was undertaken but the increased cost of material and labor soon became such as to render performance so difficult that defendants' work on the job was practically suspended during the year 1916. Each party to the contract sought to place the blame upon the other for the delay. The time for completion had expired and it became apparent that defendants could not fulfill their contract without great financial loss. So, on January 2, 1919, they employed the plaintiff, John R. Haughney, Esq., of the Erie Bar, a lawyer of experience and ability, as their attorney. Mr. Haughney mastered the case both as to facts and law, held many consultations with his clients and with members of the school board and their solicitor. It is within the evidence to say plaintiff devoted one-half of his time to this business for seven months. Pending the negotiations, the contractor for the main building sued the school district claiming, inter alia, that it was damaged by failure of Gannon & Carey to perform their contract; plaintiff also gave that suit attention. Meantime cross actions were brought between the school board and the defendant but never tried, as the whole matter was compromised in the summer of 1919, and a new contract made by which defendants were to receive from the school board $60,000, in addition to the $126,000, and thereunder they completed the job. Plaintiff also arranged a $65,000 loan for defendants, which they finally did not accept; and, his work being finished, sent them a bill for $4,500, which they declined to pay and he brought this suit. At its trial, well-known members of

the local bar estimated the value of plaintiff's services at from $5,000 to $7,500; defendants, while admitting liability, sought to reduce the amount. The jury rendered a verdict for plaintiff of $5,000 and interest, from the judgment on which defendants brought this appeal.

The first four assignments of error are to excerpts from the charge of the trial judge, which we have carefully examined, separately and in connection with the entire charge, but find no substantial error. Plaintiff submitted more evidence than did the defendants and naturally the reference to it was more extended; but the trial judge referred to the evidence and contentions of both sides and adequately covered the case. He properly might, and doubtless would, have commented upon the fact that plaintiff sued for $5,500, being $1,000 more than the bill rendered, but he was not asked to do so. Except as to matters basic or fundamental, a trial judge will not be reversed for failure to call the jury's attention to some circumstances to which counsel neglected to direct his attention. What the judge here told the jury as to defendants admitting liability and only questioning the amount was within the evidence, and his conclusion that by the settlement and new contract, which plaintiff helped to secure, defendants gained $60,000, was self-evident, although they may have lost on the job as a whole. Earnest complaint is made that the judge disclosed a strong bias in favor of plaintiff; if so, it does not appear in the record.

The original contract and specifications between the school board and the defendants were received in evidence, as was the record of the main contractor's suit against the school board. These documents were corroborative of plaintiff's testimony, gave the jury a better understanding of the facts and their admission was not error.

In cross-examination, a member of the bar, who had given an opinion as to the value of plaintiff's services, was asked if his opinion would be affected in case the

defendants were not liable under the original contract when plaintiff was employed. An objection thereto was sustained on the ground that so far there was neither proof nor offer of proof of such nonliability. An examination of the evidence leads to that conclusion. True, plaintiff took the position that his clients were not liable under the contract, and urged it so strongly as to secure a favorable settlement, but that would not tend to reduce his compensation, and the question of actual liability was not determined. Of course, large latitude should be given in putting hypothetical questions in the cross-examination of an expert witness, and the rule is nowhere more broadly stated than in the opinion of this court by our Brother SCHAFFER in the recent case of Stemons v. Turner, 274 Pa. 228. Nevertheless, the extent and manner of such cross-examination is to some degree a matter of discretion for the trial judge (Albert v. Phila. R. T. Co., 252 Pa. 527), which discretion was not here so abused as to call for a reversal of the judgment.

Defendants offered some letters between them and the school board, written before plaintiff's employment, which the trial judge excluded; the error assigned thereto, however, is not pressed and, as the letters in question are not printed in the record, cannot be considered: see Court Rule XXVIII.

Complaint is made of the trial court's refusal to permit defendants to file an amended affidavit of defense, but, under numerous decisions of this court, it cannot be considered, as there is no suggestion thereof in the statement of questions involved.

The granting of a new trial, as we have often held, is a matter for the discretion of the court below, with which we cannot interfere except to correct a manifest abuse of discretion.

The judgment is affirmed.