## Thompson v. American Steel & Wire Company, Appellant.

8

Argued October 5, 1934.   Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, DREW and LINN, JJ.

*John J. Heard,* with him *Reed, Smith, Shaw & McClay,* for appellant.

*E. B. Strassburger,* with him *E. J. McKenna* and *J. F. McKenna, Jr.,* of *Strassburger & McKenna,* for appellee.

OPINION BY MR. JUSTICE LINN, November 26, 1934:

Plaintiff has judgment on a verdict for damage to his land for agricultural purposes resulting from fumes emitted by appellant's manufacturing plant. The appeal complains of two rulings on offers of evidence.

The first arose in the cross-examination of an expert witness called by plaintiff. After testifying that property damage was caused by the fumes from defendant's works, he was cross-examined at length (fifty-five pages of the cross-examination appear in the printed record), and during the examination reference was made by him and by cross-examining counsel to a document designated as the Selby Smelter Report, relating to investigations made in California. The witness answered a number of questions about the contents of the report. Towards the end, he was asked, "Q. And the Selby Commission found there had been no economic damage done in the whole time of the investigation?" He was also asked, "Do you know how high concentrations of $SO_2$ gas the Selby Commission found in its fumigation tests when applied to vegetation would not produce permanent injury?" Objections to both questions were sustained, exceptions were allowed, and the rulings assigned as error.

Both questions were collateral to the issue of injury to the plaintiff's farm. As to the first, the Selby Commission investigated conditions in California and found (as we gather from an excluded offer of proof) that the damage resulted from insects and poor cultivation. Its finding, then, unless further qualified, would not be evidence in this case. The second question related to fumigation tests in which the effects of $SO_2$ alone were studied, other causes being eliminated. In the present case injury was also attributed by the plaintiff's expert to the effect of $SO_3$, and more particularly of zinc, in various combinations, which, he testified, was extremely harmful even in

small quantities. The effect of $SO_2$ alone would not necessarily prove anything at issue, so far as appears in the record. Both questions, therefore, had relevance merely to test the qualification of the witness, who had already been extensively cross-examined for the purpose. The extent to which cross-examination of this character can be carried must be, and is, within the control of the court: Haughney v. Gannon, 274 Pa. 443, 118 A. 427; Sebring v. Weaver, 42 Pa. Superior Ct. 588; Wigmore, Evidence, sections 944, 991 and 1006. We cannot find that there was abuse of discretion.

The other point grows out of the presentation of evidence by the defendant. Two assignments are involved. The first may be quoted: "Mr. Heard: I offer to prove by this witness that the farm [referred to in this opinion as the Washington County farm, and located twenty miles from defendant's industry] which the witness last mentioned was similar in general way to the Thompson farm; that his farm [that of the witness] has steadily deteriorated until at the present time, and for sometime past, it has had large barren areas, which correspond in a general way with the areas on the Thompson farm; the farm in question being clear removed from any possible source of industrial contamination. Mr. Strassburger: Objected to as not being material or relevant to the issue in this case, and asking for an inquiry too far afield from the issue in this case in a collateral matter. The court: That is the way it impresses me. We will sustain the objection and note you an exception. Exception noted."

Defendant called another expert witness who testified that he was "a soil specialist," but not "a soil chemist"; he had studied soil erosion and its causes throughout the country for eight years and said that large areas far removed from possible effect of industrial operations presented the same conditions found on plaintiff's farm; that he had seen the conditions on plaintiff's farm duplicated in other sections of the country far from any industrial activity; he testified that he had not observed any

condition on plaintiff's farm which could not be accounted for by mere erosion, though he knew nothing "about sulphur fumes or any of those things." He offered photographs of farms at a distance, not affected by industrial operations, to support or illustrate his conclusion. They were excluded and, appellant contends, erroneously.

The trial took a long time, beginning February 19, 1934, and ending March 5, 1934. Was the exclusion of the photographs and of the comparison with the Washington County farm, or either of them, reversible error?

A trial judge is necessarily vested with adequate power to control the course of the trial, limited only by statute or constitutional requirements (see First Nat. Bank of Pittsburgh v. Baird, 300 Pa. 92, 101, 150 A. 165). He is constantly faced with questions on evidence in their special relation to the issue to be tried. He must deal with such questions in the light of the purposes of the ultimate inquiry and does so in the exercise of what is known as judicial discretion. He should see that nothing relevant is excluded, so long as its admission will not unduly distract the attention of the jury from the main inquiry, by first requiring the ascertainment of an unnecessary quantity of subordinate facts from which the main inferences would ultimately be made. His conclusion or decision on such points will not be interfered with on appeal save for manifest abuse of power.* He must, therefore, determine in the first instance whether evidence which, though logically relevant on the ultimate issue, may nevertheless be excluded, because its general effect on the trial will be to confuse the issue by distracting the attention of the jury from the primary to collateral issues, or by unduly prolonging the trial, or perhaps by unfairly surprising the other side. See Amoskeag

---

* Illustrations of the exercise of this power may be found in 28 R. C. L., page 591, section 183; page 607, sections 197, 198; 26 R. C. L., page 1033, section 37; page 1037, section 42; 64 C. J., section 62; cf. Wigmore, Evidence, section 21.

Mfg. Co. v. Head, 59 N. H. 332; Darling v. Westmoreland, 52 N. H. 401; Bemis v. Temple, 162 Mass. 342; Wigmore, section 442-9.

As has been stated, this trial took a long time; the evidence is voluminous. No criticism is made of the instructions to the jury. The expert testimony covered a wide field. The primary contention now is that the learned trial judge should have widened the field of inquiry at the trial by receiving this other expert evidence from which the jury should, before utilizing its conclusions in determining the main inquiry, investigate whether the attending circumstances and resulting conditions and effects were substantially the same on both farms twenty miles apart, one subject to, and the other free from, the effects of defendant's plant. In the first place, we are satisfied by a reading of the evidence and the offers that it does not appear the witness was competent to testify to substantial similarity of conditions (Loss v. Avalon Boro., 276 Pa. 207, 119 A. 915; cf. Wigmore, Evidence, section section 561), but if that were questionable, or, in the circumstances, for the jury, we have no doubt that it was discretionary with the trial judge in the first instance to determine whether the inquiry proposed by the excluded question would unnecessarily confuse the jury by collateral investigation (cf. Wigmore, Evidence, section 1908). We can see no reason for differing from that conclusion on this record. For the same reason, we must dismiss the complaint that the photographs were excluded (cf. Beardslee v. Columbia Twp., 188 Pa. 496, 41 A. 617; Carney v. P. R. R., 63 Pa. Superior Ct. 138; Wigmore, Evidence, section 790).

Vautier v. Atlantic Refining Co., 231 Pa. 8, 79 A. 814, relied on, does not support appellant's argument that there was abuse of discretion in rejecting the offer.

Judgment affirmed.