Argued September 27, 1949.
Appellants, father and son, being the owners, proprietors, and managers of a public amusement park, known as Rocky Springs Park, Lancaster County, Pennsylvania, entered into a written agreement with the local county industrial organization, hereinafter referred to as the C.I.O., for use of the park for a picnic on Labor Day, 1948. On the day of the picnic two colored men, one of whom was a member of the C.I.O. — the other was not — were denied the privilege of entering the swimming *Page 171 
pool in the park. As a result thereof they made information against each of the appellants, charging them with violating the Act of Assembly, approved June 24, 1939, P. L. 872, § 654, 18 Pa.C.S.A. § 4654, commonly known and referred to as the Equal Rights Act. The Act provides, in part, that: "Whoever, being the owner, lessee, proprietor, manager, superintendent, agent or employe of any . . . place [of public accommodation, resort or amusement], directly or indirectly refuses, withholds from, or denies to, any person, any of the accommodations, advantages, facilities or privileges thereof . . . on account of race, creed, or color, . . . is guilty of a misdemeanor." Appellants, after a trial by jury, were convicted and sentenced, and from the judgment of sentence they have appealed.
The first question involved is whether appellants had the right to examine jurors on their voir dire as to whether or not they were members of the C.I.O. "The object of an examination on voire dire is to test the qualification of the juror by ascertaining from his own lips whether he has formed an opinion as to the guilt or innocence of the accused, and if so, whether the opinion he has formed is of such a character as to disqualify him as a juror in the case": Traviss v.Commonwealth, 106 Pa. 597, 605; and "The extent to which such examinations may properly go is a matter largely within the discretion of the presiding judge . . .": Commonwealth v.Greenberg, 143 Pa. Super. 203, 216, 17 A.2d 698.
Had the C.I.O., which leased the park, been the prosecutor, there would have been merit to appellants' contention. But the mere fact that one of the prosecuting witnesses was a member of the C.I.O. would not render a juror incompetent because he happened to be a member of the same labor organization, any more than he would have been rendered incompetent because he and one of the parties happened to be members of the same religious denomination or fraternal organization *Page 172 
where it was not in anyway involved in the prosecution. Sebringv. Weaver, 42 Pa. Super. 588. We find no abuse of discretion in this case.
The second question involved is that it is not a violation of the Act to refuse colored people permission to enter a swimming pool in an amusement park because swimming pools are not enumerated in subsection (c) of section 654, which enumerates some forty-odd places, not facilities, including "bath-houses" which "shall be deemed" to be included within the meaning of the section. Had subsection (c) enumerated facilities deemed to be included within the meaning of the section, there might be some merit to appellants' argument. But the argument that a "place" of "public accommodation, resort or amusement within the meaning" of the section "shall be deemed to include . . . amusement and recreation parks" and exclude a swimming pool in said park does not, as stated in Commonwealth v. Klucher,326 Pa. 587, 590, 193 A. 28, "warrant a court in confining the operation of a statute within narrower limits than intended by the legislature." When the Legislature said that "A place of public accommodation, resort or amusement . . . shall be deemed to include . . . amusement and recreation parks," it intended to include all the means of "amusement and recreation" within the parks, including swimming pools, whether they be termed facilities or whatnot.
The error in the charge, where the court said ". . . the defendants' contention is that they did not discriminate against these two [as colored] persons . . ., but contend that under the contract they had a reservation as to objectionable persons, and that by reason of that they had the right to keep them from the pool and bathhouse. . . . they offered no testimony, but that was the nature of their defense, . . ." is unaccounted for and unexplained by the court in its opinion refusing the appellants' new trial motions. But we think the error *Page 173 
was corrected when the trial judge stated to the jury that he had ". . . said, inadvertently, it was the contention of the defendants that they had the right to refuse these two colored persons . . . as set forth in the indictments, because of the right under the contract" and then said, "It is the contention of the defendants that they had the right to refuse colored people entrance into the swimming pool under the Act of Assembly."
Upon a review of the entire record it is our considered opinion that the issue was clearly drawn, the cause of action plainly stated, the case fairly tried, and the defendants ably defended and properly convicted.
The judgments are affirmed, and it is ordered that the defendants appear in the court below at such time as they may be there called, and that they be by that court committed until they have complied with their sentences or any part of them that had not been performed at the time the appeals were made a supersedeas.