## Commonwealth v. Malak

Before Pinola, Lewis and Brominski, JJ.

*Stephen A. Teller,* District Attorney, and *Vincent M. Quinn,* Assistant District Attorney, for Commonwealth.

*James L. Brown* and *Robert J. Hourigan,* for defendant.

PINOLA, J., May 11, 1960.—Defendant, John Malak, Jr., asks that we quash a summary conviction transcript which charges him with "having . . . committed the crime of hunting within 150 yards of an occupied dwelling by hunting 239 feet from an occupied dwelling which is in violation of the Pennsylvania Game Code, Section 808, Act of May 31, 1947, as amended. . . ."

On January 15, 1960, after a hearing before Justice of the Peace Culp, he was found guilty and fined $25 and costs, and on January 21, 1960, he was granted a special allowance to appeal from the decision of the justice.

Defendant contends that the transcript must be quashed because: (a) There is no offense charged against defendant therein; and (b) section 808 of The Game Law is unconstitutional in that the definition of "safety zone" is vague, indefinite and unspecific.

With respect to defendant's first contention, The Game Law of June 3, 1937, P. L. 1225, art. VIII, sec. 808, as amended, 34 PS §1311.808, provides:

"It is unlawful at any time for any person, other than the owner or occupant, while hunting or trapping for wild birds or wild animals of any kind, to shoot or discharge any firearm or other deadly weapon within one hundred and fifty yards of any occupied dwelling house, residence, or other building or camp occupied by human beings, or any barn, stable, or other building used in connection therewith, the area within said distance being hereby defined as a 'safety zone', or to

shoot at any wild bird or wild animal while it is within such safety zone, without the specific advance permission of the owner or tenant thereof.

"During any open hunting or trapping season it is unlawful for any person, other than the owner or occupant to wilfully hunt for, pursue, disturb, or otherwise chase any wild animal or bird within the safety zone designated in the preceding paragraph, without the specific advance permission of the owner or occupant thereof."

It is apparent that the first paragraph of this section makes it unlawful, regardless of intent, to shoot or discharge any firearm or other deadly weapon within 150 yards of any occupied dwelling, without the specific advance permission of the owner or tenant thereof, that area being designated as a safety zone. It is also apparent that in the second paragraph the offense of hunting is not complete unless the acts are done willfully.

From the transcript it appears that defendant was charged with violating the second paragraph of section 808.

Since this is a penal statute, it must be strictly construed: Statutory Construction Act of May 28, 1937, P. L. 1019, art. IV, sec. 58, 46 PS §558.

Summary proceedings being in derogation of the common law must be full, complete and accurate. The record must not only affirmatively show the jurisdiction of the justice, but it must also be so full, complete, regular and accurate on its face that a conviction thereunder could be pleaded autrefois convict in bar to another prosecution for the same offense.

We agree with the district attorney that by taking an appeal defendant waived all mere technical errors in the proceedings of the justice which did not go to the question of jurisdiction: Commonwealth v. Beloff, 166 Pa. Superior Ct. 287.

The question here raised, however, does go to his jurisdiction. While in a preliminary charge of a misdemeanor the information need not be technically accurate, because the actual charge upon which defendant is subsequently tried is set forth in the indictment which is prepared by the district attorney, in summary offenses, because the information contains the entire charge on which a defendant is tried, the facts alleged must be sufficient to make out the offense under the particular statute: Commonwealth v. Warner, 3 D. & C. 2d 497.

We do not have the information before the court. The transcript is the foundation of the proceedings and is the only record before us: Commonwealth v. Scott-Powell Dairies, 128 Pa. Superior Ct. 598. The statement of the offense charged omits the word "wilfully" and the finding of guilty by the justice likewise omits the word "wilfully". These are, in our judgment, fatal omissions.

Where, as here, the statute employs the word "wilfully" as descriptive of the offense, as a general rule such word must be employed in the indictment, and, of course, it must be employed in an information in a summary conviction: 42 C. J. S. 1027, §134; Rumely v. United States, 293 Fed. 532.

Clearly, willfullness is regarded as an essential ingredient of the offense: Commonwealth v. Fine, 166 Pa. Superior Ct. 109.

Construing a statute, the court declared in Commonwealth v. Junkin, 170 Pa. 194, 199:

"The essential element of crime, unless otherwise declared by statute, is the intent to commit it, or the willfullness of it. The legislature can declare an act a crime, and make it punishable, regardless of the intent, but this statute will not bear such interpretation. . . ."

So, too, in our case. One could accidentally go into

a safety zone or he could go into it in ignorance. In either case he would not be violating this statute.

We must, therefore, sustain defendant's first contention.

Since we so conclude, we need not consider defendant's second reason.

Accordingly, we enter the following

*Order*

Now, May 11, 1960, at 10 a.m., the transcript being fatally defective, the motion to quash is granted.